UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JASON D. PENNINGER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 1:22-cv-00414-JPH-DML |
| ) | |
| WILLIAM HYATT, ) | |
| ) | |
| Respondent. ) | |

**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS**

Petitioner Jason D. Penninger filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging a June 9, 2021, Miami Correctional Facility disciplinary proceeding identified as MCF 21-05-0343. Dkts. 2 and 8-1. The Court directed the respondent to show cause why the writ should not issue. Dkt. 5. Respondent filed a motion to dismiss, dkt. 8, and a brief in support, dkt. 9. As of the date of this Order, Mr. Penninger has not responded to the motion to dismiss.

**I. Discussion**

Respondent argues that Mr. Penninger is not "in custody" for purposes of habeas relief under Section 2254 because he only received a written reprimand and a 30-day loss of commissary privileges. Dkt. 9 at 1.

"[I]n all habeas corpus proceedings under 28 U.S.C. § 2254, the successful petitioner must demonstrate that he 'is in custody in violation of the Constitution or laws or treaties of the United States.'" *Brown v. Watters*, 599 F.3d 602, 611 (7th Cir. 2010) (*quoting* 28 U.S.C. § 2254(a)). "It is the custody itself that must violate the Constitution. Accordingly, prisoners who are not seeking earlier or immediate release are not seeking habeas corpus relief." *Washington v. Smith*, 564 F.3d 1350, 1350 (7th Cir. 2009). In the context of prison disciplinary proceedings, this means that to be

considered "in custody," the petitioner must have been deprived of good-time credits, *Cochran v. Buss*, 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson*, 262 F.3d 641, 644-45 (7th Cir. 2001). When such a sanction is not imposed, the prison disciplinary officials are "free to use any procedures [they] choose[], or no procedures at all." *Id*. at 644.

The Court reviewed the Report of Disciplinary Hearing in this matter and finds it supports Respondent's contention that Mr. Penninger was not denied good-time credits or credit-earning class. Dkt. 8-4.

## II.   Conclusion

Accordingly, Respondent's motion to dismiss, dkt. [8], must be **granted**. Mr. Penninger's petition for a writ of habeas corpus is **dismissed without prejudice** for lack of jurisdiction. Final Judgment in accordance with this decision shall now issue.

**SO ORDERED**.

Date: 7/7/2022

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

JASON D. PENNINGER
936946
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

David Corey
INDIANA ATTORNEY GENERAL
david.corey@atg.in.gov